**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**CANADIAN STANDARDS**
**ASSOCIATION d/b/a CSA GROUP**,

    Plaintiff,

v.

                                                    Case No. 3:19-cv-00276-BJD-JBT

**GOLDEN DRAGON ASSOCIATION**
**INC. d/b/a GOLDEN LIGHTING**,

    Defendant.

_____ /

## **GOLDEN LIGHTING'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Golden Dragon Association Inc. d/b/a Golden Lighting ("Golden Lighting"), by and through its attorneys, hereby submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Canadian Standards Association d/b/a CSA Group ("CSA Group") on March 6, 2019.

## **ANSWER TO THE COMPLAINT**

Each of the paragraphs below corresponds to the same numbered paragraphs in the Complaint. Golden Lighting denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that may follow from the admitted facts. Golden Lighting denies that CSA Group is entitled to the relief requested or for the matter, any other relief. Golden Lighting responds to the Complaint as follows:

## INTRODUCTION

1. Admitted.

2. Admitted.

## JURISDICTION AND VENUE

3. Admitted.

4. Golden Lighting admits that venue is proper within the Middle of District of Florida pursuant to 28 U.S.C. § 1391(b); however, a more convenient forum exists for Golden Lighting, specifically, the Northern District of Florida, Tallahassee Division.

## THE PARTIES

### Plaintiff

5. Admitted.

### Defendant

6. Admitted.

## CSA GROUP'S WORLDWIDE CERTIFICATION MARKS

7. Golden Lighting admits that CSA Group provides testing, inspection, and certification services as well as standards development. As to the remaining allegations in Paragraph 7, Golden Lighting lacks knowledge or information sufficient to form a belief as to the truth of the allegations, therefore, denies the same.

8. Golden Lighting denies the allegations set forth in Paragraph 8 as each allegation states conclusions of law for which no response is required.

9. Golden Lighting lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore, denies the same.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted to the extent that the representative attached index speaks for itself.

14. Golden Lighting denies the allegations set forth in Paragraph 14 as each allegation states conclusions of law for which no response is required.

15. Golden Lighting admits that CSA Group's right, title, and interest in and to CSA Group's marks include, the exclusive right to use CSA Group's marks in association with the products and/or services with which they are certified, and the right to authorize and/or preclude others regarding the same. Otherwise, Golden Lighting lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore, denies the same.

16. Golden Lighting denies the allegations set forth in Paragraph 16.

## DEFENDANT'S UNLAWFUL CONDUCT

17. Admitted.

18. Golden Lighting admits the allegations in Paragraph 18 except that Golden Lighting does not sell or distribute its lighting fixtures via Facebook, Twitter, YouTube, or Pinterest.

19. Golden Lighting denies the allegations set forth in Paragraph 19 as each allegation states conclusions of law for which no response is required.

20. Golden Lighting admits that between October 26, 2017 and January 19, 2018, the United States Customs and Border Protection ("U.S. Customs") seized nine shipments of Golden Lighting's light fixtures under the following Case Numbers:

       (1) 2018-1803-000024-01
       (2) 2018-1803-000033-01

    (3) 2018-1803-000058-01
    (4) 2018-1803-000059-01
    (5) 2018-1803-000065-01
    (6) 2018-1803-000095-01
    (7) 2018-1803-000099-01
    (8) 2018-1803-000106-01
    (9) 2018-1803-000110-01

  Golden Lighting further admits that the nine shipments were taken into custody by U.S. Customs with a Port of Entry labeled as Jacksonville. Otherwise, the remaining allegations in Paragraph 20 state legal conclusions for which no response is required.

  21.  Golden Lighting admits that U.S. Customs seized 5,763 light fixtures. Otherwise, the remaining allegations in Paragraph 21 state legal conclusions for which no response is required.

  22.  Admitted.

  23.  Golden Lighting denies the allegations set forth in Paragraph 23.

  24.  Golden Lighting denies the allegations set forth in Paragraph 24 as the allegations state conclusions of law for which no response is required.

  25.  Golden Lighting denies the allegations set forth in Paragraph 25.

  26.  Golden Lighting denies the allegations set forth in Paragraph 26 as the allegations state conclusions of law for which no response is required.

  27.  Golden Lighting denies the allegations set forth in Paragraph 27 as the allegations state conclusions of law for which no response is required.

  28.  Golden Lighting denies the allegations set forth in Paragraph 28.

  29.  Admitted.

  30.  Golden Lighting denies the allegations set forth in Paragraph 30.

31. Golden Lighting admits that its principal place of business is located in the State of Florida. Otherwise, the remaining allegations in Paragraph 31 state legal conclusions for which no response is required.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

32. Golden Lighting repeats and incorporates herein by reference its responses to Paragraphs 1-31.

33. Golden Lighting admits that this is a trademark infringement action. Otherwise, the remaining allegations in Paragraph 33 state legal conclusions for which no response is required.

34. Golden Lighting denies the allegations set forth in Paragraph 34.

35. Golden Lighting denies the allegations set forth in Paragraph 35.

36. Golden Lighting denies the allegations set forth in Paragraph 36.

37. Golden Lighting denies the allegations set forth in Paragraph 37.

38. Golden Lighting denies the allegations set forth in Paragraph 38.

## COUNT II
## UNFAIR COMPETITION UNDER THE LANHAM ACT (15 U.S.C. § 1125(a))

39. Golden Lighting repeats and incorporates herein by reference its responses to Paragraphs 1-38.

40. Golden Lighting denies the allegations set forth in Paragraph 40.

41. Golden Lighting denies the allegations set forth in Paragraph 41.

42. Golden Lighting denies the allegations set forth in Paragraph 42.

43. Golden Lighting denies the allegations set forth in Paragraph 43.

44. Golden Lighting denies the allegations set forth in Paragraph 44.

45. Golden Lighting denies the allegations set forth in Paragraph 45.

## COUNT III
## IMPORTATION OF GOODS BEARING INFRINGING MARKS

46. Golden Lighting repeats and incorporates herein by reference its responses to Paragraphs 1-45.

47. Golden Lighting denies the allegations set forth in Paragraph 47.

48. Golden Lighting denies the allegations set forth in Paragraph 48.

49. Golden Lighting denies the allegations set forth in Paragraph 49.

## COUNT IV
## UNFAIR COMPETITION UNDER FLORIDA'S COMMON LAW

50. Golden Lighting repeats and incorporates herein by reference its responses to Paragraphs 1-49.

51. Golden Lighting lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 51 and therefore, denies the same.

52. Golden Lighting denies the allegations set forth in Paragraph 52.

53. Golden Lighting denies the allegations set forth in Paragraph 53.

54. Golden Lighting denies the allegations set forth in Paragraph 54.

55. Golden Lighting denies the allegations set forth in Paragraph 55.

56. Golden Lighting denies the allegations set forth in Paragraph 56.

57. Golden Lighting denies the allegations set forth in Paragraph 57.

58. Golden Lighting denies the allegations set forth in Paragraph 58.

59. Golden Lighting denies the allegations set forth in Paragraph 59.

## PRAYER FOR RELIEF

Golden Lighting denies that CSA Group is entitled to any of the relief that it seeks in the prayer for relief and for that matter, any relief whatsoever.

## GOLDEN LIGHTING'S AFFIRMATIVE DEFENSES

1.      On October 3, 2017, Golden Lighting was first informed of the alleged infringing use of CSA Group's asserted trademarks. The U.S. Customs and Border Protection seized a shipment of Golden Lighting's lighting fixtures and provided a Detention Notice to Golden Lighting's freight agency, Topocean Consolidation Service, Inc., which was sent to Golden Lighting via e-mail.

2.      On October 1, 2018, Golden Lighting received a cease and desist letter from CSA Group.

3.      After receiving the cease and desist letter, Golden Lighting performed a thorough inspection of its inventory located in Tallahassee, FL. Golden Lighting reviewed one hundred percent of its inventory with possible infringement issues, specifically reviewing the inventory for any use of CSA Group's asserted trademarks from the time period of November 2016 to September 2017, which included potentially impacted lighting fixtures from Jiangmen Allbest and Trustwork.

4.      Golden Lighting inspected 3,468 items and found that 63 items (less than 2%) had CSA Group's asserted trademarks. Of those 63 items, none showed the asserted trademarks at any location other than the wiring and sockets in which CSA Group's trademarks were embedded.

5.      After the inspection, Golden Lighting quarantined those products.

6. After being informed of the alleged infringing use in October 2017, Golden Lighting conducted a thorough investigation as to the origin of the asserted trademarks embedded within the wiring components of Golding Lighting fixtures.

7. At no time was Golden Lighting aware of any use of CSA Group's trademarks on its components and further, Golden Lighting had never requested the trademarks be used by its contracted factories, located in China.

8. Although the seized shipments were only from two contracted factories, Jiangmen Allbest and Trustwork, Golden Lighting investigated its other contracted factories to ensure each factory had valid certificates from their suppliers to use CSA Group's trademarks.

9. In the meantime, Golden Lighting halted all shipments of lighting fixtures with uncertified trademarks relating to CSA Group.

10. The two contracted factories, Jiangmen Allbest and Trustwork, purchased the wiring components from their suppliers, to which Golden Lighting has no direct relationship.

11. To Golden Lighting's knowledge, Jiangmen Allbest purchased the wiring components in question from suppliers, HongFa and Longheng.

12. Upon information and belief, HongFa issued a statement that their use of the CSA Group trademarks were valid as the wiring components had been produced prior to 2005 when HongFa had a valid CSA Group certificate.

13. Golden Lighting attempted to obtain HongFa's 2005 CSA Group certificate, but was only able to obtain an Underwriters Laboratory ("UL") certificate dated August 16, 2012 as well as a CSA Group certificate dated March 21, 2018.

14. The contracted factory, Jiangmen Allbest, also provided a UL certificate, updated on December 17, 2015, and a cUL certificate for the supplier, Longheng. The cUL certificate was first issued on July 4, 2005 and updated on February 23, 2010.

15. The contracted factory, Trustwork, also purchased wiring components from suppliers, HongFa and Foshanshi Jindiao Electric Co. Ltd ("Jindiao"). On information and belief, Trustwork also purchased and used wiring from other suppliers, such as Qinda Wire Co., who had a valid UL certificate and no CSA Group issues.

16. Jindiao issued a statement that the wiring components supplied to Trustwork, were produced prior to 2005. Prior to 2005, Jindiao provided a valid CSA Group certificate dated October 17, 2005.

17. Beginning in November 2017, any and all identifying marks are verified and their certificates are recorded in Golden Lighting's inspection reports.

### First Affirmative Defense - Failure To State A Claim

CSA Group fails to state a claim upon which relief can be granted.

### Second Affirmative Defense - Noninfringement

Golden Lighting has not infringed and do not currently infringe directly, jointly, or indirectly, any valid, enforceable trademarks of CSA Group under federal or state law.

### Third Affirmative Defense - No Exceptional Case

This is not an "exceptional" case within the meaning of 15 U.S.C. § 1117(a).

### Fourth Affirmative Defense - No Injunctive Relief

CSA Group is not entitled to injunctive relief because any alleged injury to CSA Group is neither immediate nor irreparable, and CSA Group has an adequate remedy at law.

### Fifth Affirmative Defense - No Willfulness

Should Golden Lighting be found to infringe any valid, enforceable claim of CSA Group's trademarks, such infringement was not willful.

### Sixth Affirmative Defense - Innocent Infringement

CSA Group's claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

### Seventh Affirmative Defense - Lack of Secondary Meaning

CSA Group's claims made in the Complaint are barred, in whole or in part, on the basis that the asserted trademarks lack secondary meaning.

### Eighth Affirmative Defense - No Causation

CSA Group's claims against Golden Lighting are barred because CSA Group's damages, if any, were not caused by Golden Lighting.

### Ninth Affirmative Defense - Actions of Others

CSA Group's claims made in the Complaint are barred, in whole or in part, because Golden Lighting is not liable for the acts of others over whom it has no control.

### Tenth Affirmative Defense - No Damage

Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Golden Lighting in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

### Eleventh Affirmative Defense - Parallel Imports

CSA Group's claims against Golden Lighting are barred because Golden Lighting's lighting fixtures may be considered parallel imports.

**Twelfth Affirmative Defense - Additional Defenses**

Any additional defenses that discovery may reveal.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered CSA Group's Complaint, Golden Lighting respectfully prays for entry of judgment in its favor as follows:

A. Dismiss CSA Group's Complaint in its entirety, with prejudice;

B. A judgment that Golden Lighting has not infringed any trademarks registered to CSA Group;

C. A judgment and declaration that no damages or royalties, attorneys' fees, costs, pre- or post-judgment interest, or any other compensation or damages are due or owed by Golden Lighting to CSA Group for any of the acts alleged in CSA Group's Complaint;

D. Deny CSA Group's request for injunctive relief;

E. Permanently enjoin CSA Group, its officers, employees, agents, and those in privity with any of them from directly or indirectly charging or instituting any action for infringement of any of CSA Group's asserted trademarks against Golden Lighting or any other person or entity in privity with Golden Lighting, including without limitation Golden Lighting's successors, assigns, agents, suppliers, and customers;

F. A judgment declaring this case exceptional and award to Golden Lighting their attorneys' fees, expenses, and costs incurred in this action, pursuant to 15 U.S.C. § 1117(a); and

G. Such other relief as the Court shall deem just and proper.

## JURY DEMAND

Defendant hereby demands a trial by jury on all issues so triable as a matter of right.

Dated: April 8, 2019

/s/ Stefan Stein
Stefan V. Stein (Bar No. 300527)
William V. Stein (Bar No. 1004226)
GrayRobinson, P.A.
401 East Jackson Street, Suite 2700
P.O. Box 33324
Tampa, Florida 33602
Tel: 813-273-5000
Fax: 813-273-5145
stefan.stein@gray-robinson.com
william.stein@gray-robinson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2019, a true and correct copy of the foregoing was filed with the Clerk of Court by using the CM/ECF system, which will send a copy to all counsel of record.

/s/ Stefan Stein
Stefan V. Stein

\5400151\1 - # 11428451 v2